IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO URESTI,<br>    ID # 1877663,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:16-CV-802-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

Sergio Uresti (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.    State Proceedings**

On June 27, 2011, the State indicted Petitioner for continuous sexual abuse of a child under fourteen years old in violation of Texas Penal Code § 21.02 in Cause No. F11-12542. (*See* doc. 17-1 at 13.)[1] He pleaded not guilty and was tried before a jury in Criminal District Court No. 4 of Dallas County, Texas, on August 19-22, 2013.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner began sexually abusing his daughter in their home when she was eight or nine years old and in the third grade, and he continued to abuse her until she was in the seventh grade. Throughout that period, Petitioner forced her to have sexual contact, oral sex, and intercourse. When she was thirteen years old, she told her mother about the abuse. Although her mother wanted to go to the police, the daughter persuaded her otherwise because she was afraid that her mother would be deported, or that the family would be unable to support itself. Her mother testified that she did not call the police because she was afraid that she would be deported or that Child Protective Services would take her children away.

About two weeks after the daughter told her mother about the sexual abuse, Petitioner saw her holding hands with a boy outside her school. When they arrived home, Petitioner slapped her, pulled her hair, and cursed at her. The daughter then reported the sexual abuse to her school counselor. *See Uresti v. State*, No. 05-13-01212-CR, 2014 WL 7236069 at *1 (Tex. App. – Dallas Dec. 19, 2014). The jury convicted Petitioner of continuous sexual abuse of a child and assessed punishment at thirty-five years' imprisonment. (*See* doc. 17-1 at 206.)

The judgment was affirmed on appeal. *See Uresti v. State*, 2014 WL 7236069. Petitioner did not file a petition for discretionary review. He filed a state habeas application challenging his conviction that was signed on November 9, 2015, and received by the state court on November 16, 2015. (Doc. 17-16 at 4, 20.) On February 10, 2016, it was denied without written order. (Doc. 17-13); *see Ex parte Uresti*, WR-84,397-01 (Tex. Crim. App. Feb. 10, 2016).

**B.    Substantive Claims**

Petitioner's federal habeas petition, signed on March 17, 2016, challenges his conviction on the following grounds:

2

    (1) Texas Penal Code § 21.02 is unconstitutional because:

    (a) it is vague;

    (b) it gives the prosecutor unfettered discretion in determining whether to prosecute under that statute for continuous conduct or under statutes criminalizing each act separately;

    (c) it lowers the burden of proof and allows a conviction based on a preponderance of evidence, because the jury does not have to agree about the acts committed;

    (2) Counsel was ineffective for failing to:

    (a) object to the constitutionality of § 21.02;

    (b) raise an affirmative defense under § 21.02(g);

    (c) investigate and cross-examine witnesses about tampering and coercion.

(*See* doc. 1 at 6-7.)  Respondent filed a response on September 8, 2016.  (Doc. 18.)  Petitioner filed a reply on October 27, 2016.  (Doc. 22.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

    with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented

4

in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner contends that the state court's rejection of his claims should not be afforded deference because there no findings were made. The fact that the Texas Court of Criminal Appeals did not make explicit findings does not mean that it "merely arrived at a legal conclusion" unworthy of the presumption of correctness. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) (presumption of correctness applies to both explicit findings of fact and implicit unarticulated findings necessary to support a state court's conclusions of mixed law and fact). The denial of a state habeas petition without written order is an adjudication on the merits of all claims that are not procedurally barred, and the AEDPA standards apply. *Register v. Thaler*, 681 F.3d 623, 626 n.8 (5th Cir. 2012). "Section 2254(d) applies even where there has been a summary denial." *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011)). "[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

### III.  TEXAS PENAL CODE § 21.02

In his first ground, Petitioner contends that Texas Penal Code § 21.02 is unconstitutional. The statute provides, in relevant part:

5

(b) A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

(c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);

(6) sexual performance by a child under Section 43.25;

(7) trafficking of persons under Section 20A.02(a)(7) or (8); and

(8) compelling prostitution under Section 43.05(a)(2).

(d) If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

**A.    Vagueness**

Petitioner first contends that paragraph (b)(1), which makes it a crime if "during a period that

is 30 or more days in duration, the person commits two or more acts of sexual abuse," is unconstitutionally vague as to the time period for the offense.

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Springer v. Cockrell*, 998 F.2d 320, 322 (5th Cir. 1993). "A conviction may be unconstitutional if it is obtained under a statute so vague that it does not provide adequate notice of what conduct will be deemed criminal." *Id*.

As a Texas court has explained, "[s]ection 21.02 clearly prohibits an individual from continuously sexually abusing a child under the age of 14 for a period of more than 30 days." *McMillan v. State*, 388 S.W.3d 866, 874 (Tex. App. – Houston [14th Dist.] 2012). The phrase simply refers to a period of time that is 30 days or longer. Petitioner has not shown that the state court's rejection of this claim was unreasonable.

**B.    Prosecutorial Discretion**

Petitioner next claims that § 21.02 is unconstitutional because a prosecutor may charge someone with a violation of this statute by the commission of multiple acts of sexual abuse, which has a 25-year minimum sentence, or with a violation of separate statutes by the commission of each act of sexual abuse, which have lower minimum sentences.

"[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442, U.S. 114, 123-24 (1979) (citations omitted). "It is settled law that where a single act violates more than one statute, the government may elect to

prosecute under either. A defendant cannot complain merely because the charge against him is brought under the statute carrying the more serious penalties when two statutes punish the same general acts." *Ehrlich v. United States*, 238 F.2d 481, 485 (5th Cir. 1956). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

**C.     Burden of Proof**

Petitioner contends that § 21.02 lowers the burden of proof and allows a conviction based on a preponderance of evidence because the jury does not have to agree about the acts committed. He appears to complain that § 21.02(d) provides that "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."

There is no federal constitutional right to a unanimous jury verdict in state criminal proceedings. *Apodaca v. Oregon*, 406 U.S. 404, 406–410 (1972); *see also Johnson v. Louisiana*, 406 U.S. 356, 359 (1972) ("We note at the outset that this Court has never held jury unanimity to be a requisite of due process of law. Indeed, the Court has more than once expressly said that '[i]n criminal cases, due process of law is not denied by a state law ... which dispenses with the necessity of a jury of twelve, or unanimity in the verdict' ") (citations omitted)); *see also MacIntosh v. Davis*, No. 4:16-CV-471, 2018 WL 672642 at *3 (N.D. Tex. Jan. 31, 2018) (section 21.02(d), regarding juror unanimity, does not violate the federal constitution). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n

all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, Petitioner must demonstrate that the alleged

deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.   **Constitutionality of § 21.02**

Petitioner contends that counsel was ineffective for failing to object to the constitutionality of § 21.02. As discussed, he has not shown that the statute is unconstitutional. Counsel was not ineffective for failing to raise meritless or futile objections. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

### B.   **Affirmative Defense**

Petitioner contends that counsel was ineffective for failing to raise an affirmative defense under § 21.02(g). He asserts that at the time of the commission of any of the acts of sexual abuse, he was not required to register as a sex offender, and he was not person who had a reportable conviction for an act of sexual abuse.

Section 21.02(g) provides:

It is an affirmative defense to prosecution under this section that the actor:

10

>  (1) was not more than five years older than:
>
>> (A) the victim of the offense, if the offense is alleged to have been committed against only one victim; or
>>
>> (B) the youngest victim of the offense, if the offense is alleged to have been committed against more than one victim;
>
> (2) did not use duress, force, or a threat against a victim at the time of the commission of any of the acts of sexual abuse alleged as an element of the offense; and
>
> (3) at the time of the commission of any of the acts of sexual abuse alleged as an element of the offense:
>
>> (A) was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or
>>
>> (B) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section or an act of sexual abuse as described by Subsection (c).

Section 21.02 provides a "single affirmative defense ... [that] has three components that must be met: the relative ages; the absence of duress, force, or threat; and the absence of an obligation to register as a sex offender. These three components are set out in the conjunctive, not the disjunctive." *Chambers v. State*, 2014 WL 2922338 at *2 (Tex. App. – Fort Worth June 26, 2014). Petitioner has not shown that he met the first component of the affirmative defense, which requires that he be not more than five years older than the victim. Counsel was not ineffective for failing to present the affirmative defense because it did not apply to Petitioner. He has not shown that the state court's rejection of this claim was unreasonable.

**C.    Investigation and Cross-examination**

Petitioner contends that counsel failed to investigate and cross-examine his daughter and her mother about tampering and coercion. He claims that they were both illegal aliens, and that the

11

mother was offered a U visa to testify against him. He contends that counsel failed to investigate and ask the mother who offered her the visa and about her expectation for a visa in return for her testimony. He asserts that if counsel would have done so, it would have shown the victim's and her mother's bias and incentive for accusing Petitioner.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

On direct examination, the victim's mother testified that she was afraid to talk to the police for fear of being deported. (*See* doc. 17-6 at 147-48, 171.) On cross-examination, she testified that she had been offered a U visa, which is a victim visa, in the case. (*See id*. at 173.) She denied that she had to testify to obtain the visa. (*See id*.) On re-direct examination, she testified that she did not obtain the visa from the District Attorney's office, she never obtained the visa, and the District Attorney's office never promised her anything for her testimony. (*See id*. at 185.) She testified that she and her daughter were "illegal." (*See id*.)

Counsel's questioning shows that he was aware that the victim's mother was offered a visa regarding the case, and he brought out a potential incentive for her testimony based on the visa. She denied that the prosecutor's office offered her a visa. Petitioner admits that he does not know who offered her a visa. (*See* doc. 22 at 10-11.) He has not shown what information counsel should have discovered regarding who offered her a visa or that the information would have affected the outcome of the case. He has not shown deficient performance or prejudice. Petitioner has not shown that the

12

state court's rejection of this claim was unreasonable.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VI.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 19th day of March, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE